IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| QUINCY WILLIAMS, | ) |
| | ) |
| Plaintiff | ) 1:22-CV-00249-SPB |
| | ) |
| vs. | ) RICHARD A. LANZILLO |
| | ) Chief United States Magistrate Judge |
| DEREK OBERLANDER, MR. MILLER, | ) |
| SGT HOLLIS, OFFICER PETERSON, | ) REPORT AND RECOMMENDATION |
| | ) ECF NO. 50 |
| Defendants | ) |

I.  Recommendation

For the reasons discussed below, it is recommended that this case be dismissed pursuant to Federal Rule of Civil Procedure 41(b) based on Plaintiff's failure to prosecute the action.

II.  Report

A.  Background and Procedural History

Quincy Williams ("Plaintiff"), an inmate in the custody of the Pennsylvania Department of Corrections, commenced this action on December 15, 2022, by filing a motion to proceed *in forma pauperis* ("IFP") and a Complaint, which was lodged pending review of his IFP motion. *See* ECF No. 1. Thereafter, Plaintiff was granted leave to proceed IFP, and his Complaint was served.

Plaintiff's Complaint asserts claims pursuant to 42 U.S.C. § 1983 based on alleged violations of his rights under the Eighth Amendment and names six DOC employees as Defendants: (1) Derek Oberlander, (2) Mr. Miller, (3) Ms. Parrin, (4) Sgt. Hollis, (5) Sgt. Schrader,

and (6) Officer Peterson (collectively, "Defendants"). ECF No. 9, p. 1.  As the factual basis for his claims, Plaintiff alleges that between May and July of 2021, while he was incarcerated at the State Correctional Institution at Forest, he wrote multiple Request to Staff Forms complaining that he was being threatened by prison gang members and feared for his safety and that, on one occasion, a gang member punched him in the face, and another inmate kicked him in the face and broke his jaw. *Id.*, ¶¶ 8-16. The Complaint seeks compensatory and punitive damages as relief.

By order dated August 28, 2023, the Court granted the Defendants' motion for partial judgment on the pleadings and entered judgment dismissing all claims against Defendants Parrin and Sgt. Shrader. *See* ECF No. 29.  On September 6, 2023, the Court issued a Case Management Order setting various pretrial deadlines, including that Plaintiff file his Pretrial Statement by December 26, 2023.  ECF No. 30.  Plaintiff did not comply.  On January 16, 2024, the Court ordered Plaintiff to either file his Pretrial or show cause for his failure to do so by January 20, 2024. *See* ECF No. 36.  Plaintiff did neither.

On June 24, 2024, the remaining Defendants filed a motion for summary judgment, a supporting brief, a concise statement of material facts, and an appendix of evidentiary exhibits. ECF Nos. 50-53.  The Court ordered Plaintiff to file a memorandum or brief in opposition to Defendants' motion and a responsive concise statement of material facts by July 26, 2024. *See* ECF No. 54.  The Court's response order included detailed instructions regarding how to respond to the motion and the requirements regarding a responsive concise statement of material facts. *Id*. The response order also appended copies of Western District Local Rule 56.C and Federal Rule of Civil Procedure 56. *See* ECF Nos. 54-1, 54-2.  Plaintiff failed to comply with any of the requirements of the Court's scheduling order or to request an extension of time to do so.  This failure prompted the Court to issue another Order directing Plaintiff to either file his response to

2

the motion for summary judgment and responsive concise statement or show cause for his failure to do so by August 30, 2024. *See* ECF No. 57. Plaintiff was cautioned that his failure to comply could result in the dismissal of his claims for failure to prosecute. *Id.* (citing *Massey v. Wetzel*, 2023 WL 4868787, at *1 (W.D. Pa. July 6, 2023), *report and recommendation adopted*, 2023 WL 4867887 (W.D. Pa. July 31, 2023)). To date, Plaintiff has not filed any response to Defendants' motion for summary judgment, a responsive concise statement of material facts, any response to the Court's order to show cause, or any request for extension of time.

    B. Federal Rule of Civil Procedure 41(b) Legal Standard

Rule 41(b) of the Federal Rules of Civil Procedure provides, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); *Woods v. Malinowski*, 2018 WL 3999660, at *1 (W.D. Pa. July 18, 2018), *report and recommendation adopted as modified*, 2018 WL 3997344 (W.D. Pa. Aug. 21, 2018)). Even absent a defendant's motion, "[u]nder Rule 41(b), a district court has authority to dismiss an action *sua sponte* if a litigant fails to prosecute or to comply with a court order." *Qadr v. Overmyer*, 642 Fed. App'x 100, 102 (3d Cir. 2016) (per curiam) (citing Fed. R. Civ. P. 41(b)); *see also Adams v. Trustees of New Jersey Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 871 (3d Cir. 1994) (recognizing that a court can dismiss a case *sua sponte* under Rule 41(b)). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in the courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Qadr*, 642 Fed. App'x at 102.

Whether to dismiss an action for failure to prosecute or comply with a court order rests in the sound discretion of the Court. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002)

(citations omitted). That discretion, while broad, is guided by six factors identified by the Court of Appeals in *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)). The *Poulis* factors are (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Id.*; *see also*, *Emerson.*, 296 F.3d at 190. "In balancing the *Poulis* factors, [courts] do not [employ] a ... 'mechanical calculation' to determine whether a District Court abused its discretion in dismissing a plaintiff's case." *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (quoting *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)). "[N]o single *Poulis* factor is dispositive," and "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Emerson.*, 296 F.3d at 190 (internal citations and quotations omitted).

C. Discussion and Analysis

Normally, the Court must "consider and balance [the six *Poulis* factors] when deciding, *sua sponte*, to use dismissal as a sanction. When a litigant's conduct makes adjudication of the case impossible, however, such balancing under *Poulis* is unnecessary." *Azubuko v. Bell Nat. Org.*, 243 Fed. Appx. 728, 729 (3d Cir. 2007). Here, Plaintiff's persistent failures to prosecute his case and comply with Court orders has made proper adjudication of the action impossible. Nevertheless, this Report will endeavor to apply the *Poulis* factors this case.

The first *Poulis* factor requires that the Court consider the party's personal responsibility. Plaintiff is proceeding *pro se*. His status, however, does not excuse him from his obligation to abide by Orders of the Court. Plaintiff is solely responsible for meeting the obligations imposed

4

by Court Order. *See Smith v. Pennsylvania Dep't of Corr.*, 2012 WL 4926808, at *2 (W.D. Pa. Oct. 16, 2012) (citing *Briscoe*, 538 F.3d at 258-59 (a *pro se* plaintiff is personally responsible for the progress of his case and compliance with a court's orders.)). Plaintiff has repeatedly failed to comply with this Court's orders, including orders directing him to respond to Defendants' motion for summary judgment. Accordingly, the first *Poulis* factor favors dismissal.

The second *Poulis* factor requires that the Court consider whether Plaintiff's conduct has resulted in any prejudice to Defendants. In this context, examples of prejudice are "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984). Prejudice for purposes of the *Poulis* analysis, however, does not mean irremediable harm. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). "[T]he burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Id.* Plaintiff's repeated failures to respond to Court Orders have frustrated and delayed the Defendants' right to a timely resolution of the case. Accordingly, the second *Poulis* factor also favors dismissal.

The third *Poulis* factor requires the Court to consider whether Plaintiff has exhibited a history of dilatoriness over the life of this case. *Adams*, 29 F.3d at 875 ("a party's problematic acts must be evaluated in light of its behavior over the life of the case."). "[C]onduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness.'" *Briscoe*, 538 F.3d at 261. "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams*, 29 F.3d at 874. Plaintiff's history of dilatoriness is well-documented by the record in this case. He has repeatedly failed to comply with deadlines, including deadlines for the filing of his

5

pretrial statement, brief in opposition to Defendants' motion for summary judgment, and responsive concise statement of material fact. He has likewise failed to comply with these deadlines even after the Court *sua sponte* extended them as part of its orders to show cause. This third *Poulis* factor also supports dismissal.

The fourth *Poulis* factor requires the Court to consider whether Plaintiff's conduct was willful or in bad faith. In this context, "[w]illfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 874. Plaintiff's failure to comply with Court orders "demonstrate[s] a willful disregard for procedural rules and court directives." *Doss v. United States*, 2024 WL 759058, at *2 (W.D. Pa. Jan. 22, 2024), *report and recommendation adopted*, 2024 WL 757090 (W.D. Pa. Feb. 20, 2024). Finally, no mail sent to the Plaintiff has been returned to the Court as undeliverable. Based on this, the Court can infer that Plaintiff's failure to respond was a deliberate choice. Accordingly, the fourth *Poulis* factor also supports dismissal.

The fifth *Poulis* factor requires the Court to consider the effectiveness of alternate sanctions. Dismissal is a sanction of last resort, and it is incumbent upon a court to explore the effectiveness of lesser sanctions before ordering dismissal. *Poulis*, 747 F.2d at 868. In general, "sanctions less than dismissal [are] ineffective when a litigant, such as [Plaintiff], is proceeding pro se." *Lopez v. Cousins*, 435 Fed. App'x 113, 116 (3d Cir. 2011); *Emerson*, 296 F.3d at 184. "This case presents such a situation [where the plaintiff's] status as a pro se litigant severely limits the ability of the court to utilize other lesser sanctions to ensure that this litigation progresses in an orderly fashion." *Carr v. Zahuronic*, 2022 WL 12073522, at *2 (W.D. Pa. Oct. 20, 2022). Plaintiff is also proceeding *in forma pauperis* here. Therefore, monetary sanctions would likely be ineffective. Finally, Plaintiff's failure to respond to the Court's prior orders strongly supports that

further orders would be ineffective. Accordingly, the fifth *Poulis* factor weighs in favor of dismissal.

The sixth and final *Poulis* factor requires the Court to consider the meritoriousness of the claim. A claim is considered "meritorious" for the purposes of the *Poulis* analysis when the allegations of the complaint, if established at trial, would support recovery. *Poulis*, 747 F.3d at 870. To evaluate this factor, a court applies the standard for a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim. *Briscoe*, 538 F.3d at 263. But here, this factor does not favor Plaintiff because he "is now wholly non-compliant with the court's instructions. [Plaintiff] cannot refuse to comply with court orders which are necessary to allow resolution of the merits of [his] claims, and then assert the untested merits of these claims as grounds for declining to dismiss the case." *Stephens v. Mosher,* 2024 WL 1501801, at *3 (M.D. Pa. Mar. 4, 2024), *report and recommendation adopted*, 2024 WL 1494438 (M.D. Pa. Apr. 5, 2024). In this posture, Plaintiff's failure to respond to Defendants' concise statement of material facts has resulted in each of Defendants' properly supported assertions of fact being deemed admitted pursuant to Local Rule 56.E of this Court's Local Rules. Defendants have also "presented … arguments which since they are not rebutted appear to be meritorious." *Fowler v. Tennis*, 2011 WL 1988418, at *3 (M.D. Pa. May 2, 2011), *report and recommendation adopted*, 2011 WL 1990555 (M.D. Pa. May 23, 2011). Accordingly, this factor also favors dismissal.

D.  Conclusion

Because all six *Poulis* factors weigh in favor of dismissal of this action for lack of prosecution, it is recommended that:

(1) This case be DISMISSED without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure;

(2) Defendants' Motion for Summary Judgment (ECF No. 50) be DISMISSED as moot, and

(3) The Clerk of Court be directed to close this case.

III.  Notice Concerning Objections

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72((b)(2), and Local Rule 72(D)(2), the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72(D)(2).

SUBMITTED and DATED this 29th day of October 2024.

BY THE COURT:

_____
RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE